UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAURA GUZMAN, As Personal Representative
Of the Estate of JOSE ALFREDO ESTRADA
ORTEGA, deceased,
    Plaintiff

                                       Case No 1: 09-cv-998

v.
NASIM JACOB, MD
RICHARD K. CRISSMAN, MD
TAMMY SYSWERDA, RN                Honorable Robert Holmes Bell

    Defendants

## PROPOSED JOINT STATUS REPORT

A Rule 16 Scheduling Conference is scheduled for January 13, 2009 at 9:00am before the Honorable Robert Holmes Bell in Grand Rapids, Michigan by teleconference, with Plaintiff's counsel arranging the phone conference with Defense counsel at Plaintiff's expense, calling the court number (616) 456-2021, including the case manager Susan Driscoll Bourque at (616) 456-2029. Appearing for the parties as counsel will be: Eugenie B. Eardley for Plaintiffs, Ronald W. Chapman for Defendants.

1. **Jurisdiction:** The basis for the Court's jurisdiction is under federal statute, 42 USC 1983, 8th and 14th Amendments to the Constitution. Venue lies in the Western District of Michigan pursuant to 28 U.S.C. 1391(b).

2. **Jury or Non-Jury:** This case is to be tried before a jury.

3. **Plaintiff's Statement of the Case:** The Plaintiff Laura Guzman is the widow of Jose Alfredo Estrada Ortega, who died on November 12, 2006 of a subdural brain hemorrhage caused by blows to the head suffered while he was incarcerated in the Kent County Jail on October 30, 2006. Another prisoner pulled the Plaintiff off a top bunk, and beat him severely. Plaintiff was seen for medical care by the three named defendants while in custody for his complaints related to a head injury suffered in the assault. Plaintiff

contends that the defendants were recklessly and/or deliberately indifferent to the severe head injury he endured, violating his right to be free from cruel and unusual punishment. Plaintiff alleges that Defendants failed to provide him even minimally appropriate and necessary medical care, which had it been afforded him, would have prevented his untimely death, just days after his release from the jail.  Two medical doctors testified at the criminal trial against the assailant that the doctor defendants in this case' care fell below the minimum standard of care, and one of those doctors will act as the expert in the medical malpractice case, and will file an Affidavit of Merit.  Plaintiff intends to file a medical malpractice case, once a new Personal Representative is appointed in January, 2010, and the Notice of Intent period has expired.

**Defendant's Statement of the Case:**

Defendants' disagree with Plaintiff's assessment.  Both the facts and the criminal trial testimony clearly establish that Plaintiff decedent never complained to medical personnel about head trauma.  Plaintiff's only complaint was related to his jaw.  Plaintiff informed medical staff that he was struck in the jaw by another inmate and kicked in the thigh. Plaintiff failed to inform medical personnel of any alleged head trauma.  According to the criminal trial Plaintiff intentionally kept from the medical staff facts that may have led to a different diagnosis.  A complete neurological examination was performed appropriate for the complaints rendered.  The medical records support appropriate medical care was provided.  Prior to Plaintiff's discharge from the Kent County Jail he told medical personnel and mental health personnel that he was fine and had no complaints. Additionally, any statements by Plaintiff physicians, at a criminal trial, are clearly inadmissible.  Furthermore, the statute of limitations as to any future medical malpractice claim has more probably than not run.

4. **Pendent State Claims:** This case will include pendent state medical malpractice claims as outlined above.  Defendants oppose any attempt to join state claims.

5. **Joinder of Parties and Amendment of Pleadings:** Plaintiff does anticipate joining a medical malpractice case to this action once the Notice of Intent period has expired, which will not occur until July 2010.  Defendants oppose any attempt to join state claims. Furthermore, Defendants will file a Third Party at fault notice naming Bennie Rochelle, the assailant, as the at fault party.

6. **Disclosures and Exchanges:** The parties do not object to initial disclosures.  Fed. R. Civ. P. 26(a)(1) disclosures shall be made by March 1, 2010 by Plaintiff and by March 14, 2010 by Defendant, but an additional later disclosure deadline will be necessary for the medical malpractice case.

7. **Completion of Discovery:** The parties believe that all discovery proceedings can be completed by **October 1, 2010** for both the 1983 and medical malpractice cases.  The Plaintiff does not believe that any additional discovery beyond the normal presumptive limitations set forth in the Order setting the scheduling conference will be necessary.

Defendant disagrees.  Because of the need to name a new Personal Representative, and to file the Notice of Intent under the Michigan medical malpractice statute, complete and full discovery cannot be completed within the normal 6 months from the date of this order.

Plaintiff anticipates taking the depositions of fact witnesses, such as the deputies who cared for the decedent in the jail, some of the fellow inmates who testified in the criminal matter brought against the assailant in the Kent County Circuit Court action, and the individual defendants, along with any experts named by Defendant.  Plaintiff will seek additional records of the decedent's care and incarceration from the Kent County Jail and other providers not yet obtained, and provide same in its possession to Defendants.  Because the assailant of the decedent was criminally prosecuted and went to trial in Kent County Circuit Court, most of the fact and lay witnesses in this case have testified extensively, as have the treating physicians, and their testimony has been transcribed and made available, so that Plaintiff does not believe the extensive depositions Defense suggests are necessary.

Defendants will object to filing of a medical malpractice claim.

Defendants believe extensive discovery is necessary with respect to the alleged assault and the medical care provided.  Additionally, multiple expert witnesses will be called in a variety of medical specialties and sub-specialties.  Plaintiff's head trauma is described as a slow and recurrent hemorrhage.  Extensive medical testimony will be necessary for the jury to appreciate the medical care provided and its appropriateness.  Defendant is hopeful discovery can be completed by October 1, 2010 but an extension may be necessary.  Defendants anticipate more than 10 depositions will be necessary.  Defendants have not had the opportunity to review the criminal proceedings or to begin tracking down fact witnesses.  Defendants believe 20 depositions is a closer estimate.

8. **Disclosure or Discovery of  Electronically Stored Information:**

To the extent either party seeks discovery of electronically stored information (ESI), the parties agree that ESI may be produced initially in paper format and/or outlined and described on paper, i.e., a description given in writing as to how it is stored, where, and in what format so that the party requesting same may determine or chose the most efficient manner of production.   ESI will be provided in its native format so long as it is reasonably accessible and not otherwise objectionable.

9. **Assertion of Claims of Privilege or Work Product Immunity After Production:**

The parties agree that, in the event of inadvertent production of information (ESI or otherwise) claimed as privileged or subject to trial-preparation protection, the producing party must notify the receiving party of the inadvertent production.  After notification, the receiving party must return, sequester or destroy the information and cannot use it or disclose it to third parties until the claim is resolved.  If disclosed before receiving the claim, appropriate steps to recall must be taken.  The receiving party may submit the

information to the Court to decide if it is protected or privileged as claimed and, if so, whether a waiver has occurred.  The producing party must submit its claim on a timely basis and the Court may consider any delay in notification in addressing the issue of waiver.

10. **Motions:**

Plaintiff anticipates filing a Motion for Summary Judgment on certain elements of the medical malpractice case after the close of discovery.

Defendants will file a Motion for Summary Judgment at the appropriate time.  If a medical malpractice claim is brought Defendants anticipate multiple motions to dismiss and or for Summary Judgment will be filed.

11. **Alternative Dispute Resolution:**

Defendants cannot make a determination as to ADR at this early stage.  In general Defendants are opposed to ADR and favor a trial by jury.  Plaintiff favors attempt at ADR, and would suggest early facilitation.

12. **Length of Trial:** The Plaintiff's counsel estimates that the trial will last approximately eight (8) days, total, allocated as follows: three (3) days for the Plaintiff's case, five (5) day for Defendants' case.  Defendant contends that multiple expert witnesses will be called both as fact witnesses relating to the hemorrhage, and as expert witnesses relating to the medical care provided.

13. **Prospects of Settlement:**

At this stage of the proceedings Defendants do not anticipate that a settlement offer will be made.

14. **Electronic Document Filing System:** The parties believe this case is suitable for electronic case filing.

APPROVED BY:

                EARDLEY LAW OFFICES, P.C.
                Counsel for Plaintiff

                /s/_____
December  30, 2009        EUGENIE B. EARDLEY (P48615)
                P.O. Box 830
                Cannonsburg, MI 49317-0830
                (616) 874-2647

                CHAPMAN AND ASSOCIATES, P.C.
                Counsel for Defendants

December 30, 2009                            /s/_____
                                             40950 Woodward Ave, Suite 120
                                             Bloomfield Hills, MI  48304
                                             (248) 644-6326